# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CR-07-0213-HE |
| | ) | |
| JERRY ALLEN CLARK, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Defendant Jerry Allen Clark pled guilty to one count of a multi-count indictment, charging him with distribution of 56.2 grams of methamphetamine. He was sentenced to 72 months in prison followed by a term of 8 years supervised release. No direct appeal was taken of either his conviction or sentence. Defendant has now moved to vacate his sentence under 28 U.S.C. § 2255, alleging three grounds for habeas relief: (1) "The conviction was imposed under Forbidden Fruit of the Poison Tree, where judgment is void without jurisdiction," (Def.'s § 2255 Mot. at 3 [Doc. 415]); (2) "The conviction was imposed upon an unconstitutional statute, where judgment is void without jurisdiction," (*Id.* at 5); and (3) "The conviction was imposed without divestment of court accepted deposit, where as fiduciary agent, judgment is void without jurisdiction," (*Id.* at 7). The United States has responded, arguing defendant waived the claims asserted here by failing to raise them on direct appeal. It also seeks to enforce defendant's waiver, contained in his plea agreement with the government, of his right to collaterally challenge his sentence. The court directed a response from defendant as to the government's reliance on the waiver of collateral attack

1

rights and defendant has responded as directed.[1]

The court concludes defendant's motion is precluded by the waiver of collateral attack rights in his plea agreement. (Plea Agreement ¶ 8.a [Doc. No. 402].) Agreements for the waiver of appellate and collateral attack rights are generally enforceable. United States v. Hahn, 359 F.3d 1315 (10th Cir. 2004) (appellate rights); United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001) (collateral attack rights). Whether a waiver of collateral attack rights is enforceable depends on (1) whether the defendant's motion falls within the scope of the waiver, (2) whether the waiver was knowing and voluntary, and (3) whether enforcement of the waiver would result in a miscarriage of justice. Hahn, 359 F.3d at 1325; Cockerham, 237 F.3d at 1183 ("[T]he constraints which apply to a waiver of the right to direct appeal also apply to a waiver of collateral attack rights.").

Defendant Clark's motion is within the scope of his express waiver of appellate and collateral attack rights. His plea agreement contains a waiver of his rights to:

> a. Appeal or collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;
>
> b. Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case.

---

[1]*He has also filed, and the court has considered, an addendum to his §2255 motion and a motion for default judgment.*

(Plea Agreement ¶ 8 [Doc. No. 402].) Each of defendant's grounds for habeas relief fall within the scope of this waiver. Moreover, there is no dispute that the circumstances necessary to trigger his waiver of appeal or collateral attack rights — sentencing within or below the Guideline range — are present here. His sentence of 72 months imprisonment was below the Guideline range determined by the court to apply (120-150 months).

Defendant makes no argument that his waiver of appellate and collateral attack rights was other than knowing and voluntary and there is no apparent basis in the record for such an argument. The plea agreement recites that the defendant understood his right to collaterally attack his sentence and "knowingly and voluntarily" waived that right. (*Id.* at ¶ 8.) Further, in the Rule 11 colloquy, defendant Clark specifically affirmed that he understood he was giving up his right to collaterally attack his sentence so long as it did not exceed the guideline range. (Tr. of Plea Hr'g 14:24–15:14 [Doc. No. 422].)

Finally, no miscarriage of justice will result from the enforcement of the waiver as to this motion. The circumstances in which such a miscarriage will be found, i.e. exceptions to the general rule of waiver enforceability, include where the district court relied on an impermissible factor such as race, where an ineffective assistance of counsel claim as to the negotiation of the waiver renders it invalid, where the sentence exceeds the statutory maximum, or where the waiver is otherwise unlawful. United States v. Elliott, 264 F.3d 1171, 1173 (10th Cir. 2001) (citing Cockerham, 237 F.3d at 1182). Here, defendant's motion does not suggest any of these circumstances to be present nor does he identify any other persuasive basis for concluding enforcement of the waiver would result in a miscarriage of

3

justice. He does characterize several of his arguments as going to the subject matter jurisdiction of the court, but his arguments in that regard are either invalid as a substantive matter (i.e. a challenge to a suppression order — "fruit of the poisonous tree" — does not implicate the court's jurisdiction) or are plainly frivolous (i.e his references to the United States as a "foreign state," references to admiralty jurisdiction, his status as a "sovereign in fact" and his argument that Title 21 of the U. S. Code was not enacted). Further, the claims he now raises are ones which, if otherwise proper,[2] should have been raised by direct appeal. Defendant did not do so, which would bar their consideration now even absent the agreed waiver of collateral attack rights.[3] In short, defendant presents no valid basis for avoiding the impact of the plea agreement's waiver of collateral attack rights.[4]

Defendant's § 2255 motion [Doc. No. 415] is **DENIED**.

---

[2]*Any effort at direct appeal would have implicated the plea agreement's waiver of appeal rights, hence raising at that time many of the same considerations involved with the present motion.*

[3]*"A defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994).*

[4]*An evidentiary hearing is unnecessary to the determination of this motion. See 28 U.S.C. § 2255 (prompt hearing required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").*

**IT IS SO ORDERED**.

Dated this 4th day of August, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE